## JULY TERM, 1843.

ALLEN JENKINS *vs.* WILLIAM W. WHITEHEAD.

A new trial will not be granted when it appears that the jury found according to the weight of the evidence.

ERROR from the circuit court of Carroll county.
The case is fully stated in the opinion of the court.

*Sheppard,* for plaintiff in error.

1. The contract was void under the statute of frauds.

The averments of the bill of discovery, if confessed, would not furnish such evidence of a " contract or sale of land," as would satisfy the exigency of the statute. It does not allege that there was a memorandum. in writing embracing all the terms of the contract. The contents of the only writing referred to, were the covenants of the vendor to execute the lease, and the principle object of the bill was to compel a discovery from the vendee of the amount of the purchase money, without referring to any written evidence by which such amount could be ascertained.

The memorandum must embrace all the terms of the contract, both the covenants of vendor and vendee, so that they may be substantiated without resorting to parol proof. *Blagden* v. *Brashear,* 12 Ves. 468, the contract was held to be within the statute, because there was no written evidence of the amount of purchase money to be paid. See also, 1 J. C. R. 278. Sudg. on Vend. 104–5. *Brodie* v. *St. Paul,* 1 Ves. 326.

But on this point the answer will remove all doubt, as it avers that no memorandum, in writing, of the contract was ever executed.

Though it should be considered that the answer admitted a parol agreement, yet such admission would not save the contract from the effect of the statute. This is the settled rule under the statute of 29 Car. 11. See Sudg. on Vend. 131.

*Couth* v. *Jackson,* 6 Ves. 12.    2 Bro. c. c. 564.    See also, *Smith* v. *Brailsford,* 1 Des. 350.    *Givens* v. *Calder,* 2 Des. 171.    3 Mar. Ken. Rep. 445.    3 Hen. & Mun. 162.

The entry of vendee into a part of the land, should not even in equity be regarded as such an act of part performance as would take the case out of the statute, for it does not appear that such entry was made under the agreement, or in pursuance of it. But at law, part performance of a parol agreement is no ground for relief.    See opinion of Justice Kent, *Jackson* v. *Pierce,* 2 J. R. 222.    The *dictum* of Buller, Justice, in *Brodie* v. *St. Paul,* recognizing a contrary rule, was overruled in *Couth* v. *Jackson,* 6 Ves. Rep.

2. There was no proof that E. G. Whitehead had conveyed, or offered to convey the land to Jenkins.

The only evidence of a contract or sale of land, is that furnished by the bill of discovery and answer, and a performance can be compelled only according to the terms disclosed by the answer.

Answer shows that the plaintiff below, at the time of the agreement, was not the owner of the land, but that the title was vested in E. G. Whitehead, according to plaintiff's representations.

Jenkins agreed to pay the price stipulated, but E. G. Whitehead was to convey to him the title.    The contract was dependent, for we cannot suppose that Jenkins intended to pay the purchase money to a party who confessed that he had no interest in the property, without a conveyance being first made by the person in whom the title was vested.    The contract being dependent, no recovery could be had against Jenkins without proof of a conveyance, or offer to convey, by E. G. Whitehead. See *Bank of Columbia* v. *Haynes,* 1 Peters' Rep. 464.

3. There was a total failure of title.

The land embraced a part of the 16th section of school lands, and answer charges that the original sale by the trustees was illegal and void.

The appointment of the trustees was not made in compliance with the directions of the statute.    How. & Hutch. 125, § 16.

There was no request made by a majority of the resident

heads of families that the trustees should lease the land for the term of ninety-nine years. By act of 1824, Laws Miss. 19, the trustees were empowered to lease the 16th section for any term not exceeding five years. And the act of 1833, Laws 452, extended their power to lease for the term of ninety-nine years, only on request made by a majority of the resident heads of families. A statutory title can only be obtained by the most strict compliance with every direction of the statute, for in such case the mode is an essential ingredient to the power.

*Thompson,* for defendant in error.

1. It is contended that the evidence warranted the verdict, and the court did not err in refusing a new trial.

2. The bill of exceptions professes to set out the substance of the testimony. A commissioner might as well set out the substance of what a witness swears to in giving his deposition, instead of stating his testimony. All the testimony should be set out, that this court may see and judge what is substance. This bill of exceptions, then, is not sufficient, and the court will not undertake to revise the judgment below on it.

3. The failure of the defendant below to produce the writing which Whitehead had given for title, authorized the jury to make the inference that he kept it back—knowing it would operate against him if produced.

Mr. Justice TURNER delivered the opinion of the court.

This was an action on the case in assumpsit.

The first count sets forth the indebtedness of the defendant, Jenkins, to the plaintiff, Whitehead, in the sum of $1400, for goods, &c. sold and delivered, and for certain lands leased and let by plaintiff to defendant.

The second count is more special, setting forth in substance, that one Jenkins had leased certain specified lands to the plaintiff for a certain consideration, and for a long period of time; that his term not being expired, he sold the unexpired term to the defendant below for a certain price; that the defendant, in consideration thereof, agreed to pay off and discharge the notes which the plaintiff had made and executed to his lessor, for said

consideration, money, or pay the plaintiff the same, averring that the defendant had not so paid, &c.

The third count sets forth the contract of lease, and promise to pay, &c.

The fourth count is for use and occupation of land. The general issue was pleaded, with leave to give special matter in evidence—and on the trial of the issue joined, a verdict was rendered in favor of the plaintiff for $1680 $\frac{20}{100}$. The defendant below moved for a new trial, because the verdict was contrary to law and evidence, which motion was overruled by the court, and a bill of exceptions, setting out the substance of the evidence, was taken by defendant, signed and sealed by the court.

It appears that Whitehead, the plaintiff below, filed a bill of discovery, setting out his claim and possession, as a lessee for ninety-nine years, of the land in question, his sale thereof to Jenkins, for the price of $4 $\frac{60}{100}$ per acre for a part, and $13 per acre for the residue, amounting in all to $1408, payable in equal installments, on the 21st November, 1837, '38, '39 and '40—that he, Whitehead, executed to Jenkins, and delivered an instrument of writing or bond, to make the lease, but for want of paper at the time, Jenkins did not execute his notes for the purchase money, but promised to do so—and Whitehead calls upon Jenkins to produce his, Whitehead's bond, and states that he, Jenkins, paid him at the time of the contract, between one and two hundred dollars, in part of the consideration, and that this payment is set forth in the written agreement or bond, which he made to Jenkins.

Jenkins answered, that Whitehead was not the lessee or proprietor of the land at the time, &c., but that E. G. Whitehead was the proprietor—that "there was no writings drawn between them, and at the time the contract was made, (if the same may be called a contract,) he agreed to pay for the land the same that it was bid off at, at the trustees' sale"—that the titles were to be made directly from E. G. Whitehead to him—that W. W. Whitehead did, a considerable time after said agreement, give him a receipt for a greater amount than that set forth by him—that he, Jenkins, refused to give his notes at the time, because he believed E. G. Whitehead could not make a good title to the land, nor W.

W. Whitehead either—that he believed that the whole proceedings in regard to the sale of the land were void.

E. G. Whitehead was examined as a witness for the plaintiff below, and stated that defendant Jenkins's farm or field lay contiguous to the land in question—that Jenkins had extended his farm over about twenty acres of said land, and possessed and cultivated it for about two years, and that the improvement and clearing, made by Jenkins on this land, was of more value than the rent for the use and occupation.

Richard Small, a witness called by defendant below, testified that, some time in 1836, he was a justice of the peace, and held an election for trustees of the 16th section of T. 18 of R. 5 E. and heard defendant say he had a receipt for money from plaintiff.

W. Y. Collins testified as to an election of trustees for the 16th section—the lease of the land for ninety-nine years—that he heard defendant say he had bought some of the land from the plaintiff, Whitehead. That Jenkins spoke of a bond, or said Whitehead called it a bond, but that it was nothing but a receipt.

The weight of the evidence is clearly with the plaintiff below. The first link in the chain of evidence, is the answer to plaintiff's bill of discovery. The bill charges the fact, positively, that there was a contract of sale or lease of land; that a writing or bond was given by him to defendant, and calls for its production. The answer is evasive, sets up matter in avoidance, to wit, title in E. G. Whitehead, and does not produce the receipt or writing called for.

E. G. Whitehead is then called as a witness—proves possession of part of the land in defendant, Jenkins, but in a very vague and unsatisfactory manner. But it is strange that Jenkins did not call on the witness to prove that the title was in him, and not in W. W. Whitehead.

R. Small testifies as to his holding an election for trustees of the 16th section.

W. Y. Collins testifies as to the election of trustees, the lease

of the land for ninety-nine years, and that he heard defendant, Jenkins, state that he had purchased part of the land of White-head, and of a writing which Whitehead gave him in the form of a receipt.

The judgment of the court below, overruling the motion for a new trial, must be affirmed.